IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DANIEL E. WITTE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JIM HEITING, in his official capacity with the CALIFORNIA STATE BAR; and CHIEF JUSTICE RONALD M. GEORGE, in his official capacity with the SUPREME COURT OF CALIFORNIA,<br><br>　　　　　Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-1046-TC |

　　　　This matter is before the court on the Defendants' motions to dismiss or transfer venue, as well as other pending motions. The matter was referred to United States Magistrate Judge Brooke Wells. On July 26, 2006, Judge Wells issued a Report and Recommendation (R&R) in which she recommended dismissal of Plaintiff's complaint for lack of personal jurisdiction, or, in the alternative, transfer to the United States District Court for the Northern District of California. Plaintiff Daniel Witte filed an objection to the R&R. Responses to the objection were also filed.

　　　　The court has conducted a de novo review of the issues raised in the motions to dismiss or transfer, including a review of Plaintiff's Verified Complaint and the pleadings associated with the motions to dismiss. The court agrees with the conclusion in the R&R that the case should be dismissed. But the court dismisses based on the alternative ground that venue is improper under 28 U.S.C. § 1391(b).

The venue provision in the United States Code reads in relevant part as follows:

<u>A civil action wherein jurisdiction is not founded solely on diversity of citizenship</u> may, except as otherwise provided by law, be brought <u>only</u> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added). The Plaintiff is a citizen of the State of Utah and the Defendants are citizens of the State of California, so there is diversity jurisdiction. But because Plaintiff brought this case under 42 U.S.C. § 1983, his action is not founded solely on diversity jurisdiction. And such a situation is squarely addressed in the venue provision quoted above.

Subsections (b)(1) and (b)(3) clearly do not apply. None of the Defendants resides in Utah. And the Plaintiff's § 1983 action could have been brought in a judicial district in California.

The only issue is whether, under subsection (b)(2), "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in Utah. The answer is no.

All the material events took place in California, as is well noted in the Verified Complaint and the memoranda supporting the motions to dismiss. This action should not have been brought in the District of Utah. Furthermore, the court declines to exercise its discretion to transfer the case to the Northern District of California under 28 U.S.C. § 1406(a) (authorizing district court, in its discretion, to transfer in the interest of justice). Mr. Witte's suggested reasons for transfer instead of dismissal, including hypothetical and speculative statute of limitations issues, do not support transfer in the interest of justice. Accordingly, Mr. Witte's

Verified Complaint is DISMISSED.

The remaining motions are DENIED AS MOOT. The Clerk of the Court is directed to close the case.

SO ORDERED this 4th day of October, 2006.

                              BY THE COURT:

                              TENA CAMPBELL
                              United States District Judge